Filed 11/7/23  In re Harmony J. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| In re HARMONY J., a Person Coming Under the Juvenile Court Law. _____ LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DURRELL J., <br><br> Defendant and Appellant. | B318432 <br><br> (Los Angeles County Super. Ct. No. 21CCJP04311A) |

APPEAL from an order of the Superior Court of Los Angeles County, Jean M. Nelson, Judge.  Dismissed.

Robert McLaughlin, under appointment by the Court of Appeal, for Defendant and Appellant Durrell J.

Dawyn R. Harrison, County Counsel, and Kim Nemoy, Assistant County Counsel, for Plaintiff and Respondent.

_____

Durrell J., father of Harmony J., appeals from the juvenile court's January 27, 2022 disposition order declaring Harmony a dependent child of the court and removing her from his custody. Durrell's only argument is that the Los Angeles County Department of Children and Family Services failed to comply with the inquiry requirements of the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) and related California law. Durrell argues that the Department and the juvenile court failed to conduct "any ICWA inquiry whatsoever with respect to father" and that the Department "failed to inquire about Harmony's possible Indian ancestry" with "two readily available paternal family members": a paternal grandmother and a paternal aunt. Durrell asks that we conditionally affirm the jurisdiction findings and disposition order and remand the matter "to achieve ICWA compliance."

On October 6, 2023 the juvenile court ordered the Department, among other things, to continue investigating Harmony's possible Indian ancestry and to "contact/attempt to contact all known and available paternal relatives," including Durrell, the paternal grandmother, and the paternal aunt, "about whether [Harmony] is or may be an Indian child through her paternal lineage." The court further ordered the Department to submit a report on its interviews of the paternal family members and stated that the court, after reviewing the report, "shall make a finding regarding ICWA's applicability."

That is exactly what Durrell seeks in this appeal. We cannot provide him any effective relief because he has already obtained it. Therefore, the appeal is moot. (See *In re D.P.* (2023) 14 Cal.5th 266, 275 ["A case becomes moot when events "'render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief.""'"]; *In re Rashad D.* (2021) 63 Cal.App.5th 156, 163 [the "'critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error'"]; *In re E.T.* (2013) 217 Cal.App.4th 426, 436 [an "appeal may become moot where subsequent events, including orders by the juvenile court, render it impossible for the reviewing court to grant effective relief"].) Conditionally affirming the disposition order and directing the juvenile court to do what it is already doing will not accomplish anything or assist Durrell in any way. As the court explained in *In re Baby Girl M.* (2022) 83 Cal.App.5th 635, "all we could order in resolving this appeal is that the Department and juvenile court fulfill their inquiry and notice obligations under ICWA and related California law. Because that is what the Department is already doing, and because we are not in a position to micromanage that process in *this* appeal (detailing, for instance, all those who must be interviewed, what they must be asked, and what must be included in any notice to tribes that is required), there is no effective relief we can now provide. The juvenile court must direct that process, at least in the first instance." (*Id.* at pp. 638-639.)[1]

---

[1] Durrell does not ask us to exercise our discretion to hear his moot appeal under *In re D.P.*, *supra*, 14 Cal.5th 266.

Durrell argues "the October 6, 2023, minute order does not remedy the ongoing inquiry failure. The minute order merely directed the Department to comply with the initial inquiry duty it previously failed to meet." The juvenile court's order, however, addresses the only issue in this appeal: the Department's failure to comply with its duty to inquire under ICWA and related California law whether Harmony may be an Indian child. And the court's order requires the remedy to be "ongoing" by requiring the Department to "'continue to investigate'" Harmony's possible Indian ancestry and to contact all paternal relatives, including Durrell and the two relatives he has identified. If the court reviews the Department's report and makes a finding ICWA does not apply, and if Durrell disagrees with that finding, he can challenge it in an appeal from an appropriate order.

The appeal is dismissed as moot.


SEGAL, Acting P. J.

We concur:


FEUER, J.


MARTINEZ, J.